# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 90 CR 463-1 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| VICTOR PLESCIA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Victor Plescia's Amended Amendment 782 Motion [848] is granted in part and denied in part. His sentence is reduced from a term of imprisonment of 360 months on Counts One, Four, Six and Thirty to a term of 317 months. This reduction does not affect the length of time Defendant must serve on his consecutive sentence for violating 18 U.S.C. § 924(c).

## STATEMENT

Before the Court is Defendant Victor Plescia's ("Defendant") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion is granted in part and denied in part.

For over thirty years, the United States Sentencing Commission ("USSC") has established annual Sentencing Guidelines to facilitate consistent criminal sentencing. While a defendant's sentence is usually final after the appellate court completes its direct review of the matter, § 3582(c)(2) allows a defendant to request a reduced sentence if the USSC amends the Sentencing Guidelines to provide for a lower recommended sentence while a defendant is incarcerated. Specific to Defendant's request in this case is the USSC's Amendment 782, which reduced the sentencing recommendation for certain controlled substances, including cocaine (the substance that Defendant was convicted of distributing).

Defendant was incarcerated on May 17, 1990. Following a jury trial, he was found guilty on all thirty-eight counts against him. At the time of his sentencing, the Sentencing Guidelines were viewed as mandatory, and Defendant's conviction on Counts One, Four, Six and Thirty required a period of incarceration ranging from 360 months to life in prison. Defendant's conviction on Count Seven was the use of a firearm while trafficking drugs in violation of 18 U.S.C § 924(c) and included a mandatory minimum of a 60-month consecutive term. The Court sentenced him to the lowest possible term—thirty years on the drug conspiracy charges and an additional five years on the firearm charge.[1]

Both parties agree that an application of Amendment 782 effectively lowers Defendant's recommended sentence on Counts one, Four, Six and Thirty to a term ranging from 324 months

---

[1] On the other thirty-three counts, the Court sentenced Defendant to a forty-eight month concurrent sentence.

to 405 months. However, that is where the parties' agreement ends. Defendant urges the Court to depart from the guidelines and impose a sentence of 311 months. The government argues that the Court must impose a sentence within the guideline range and predominantly relies upon the USSC's comments in Section 1B1.10(b)(2) of the 2016 Sentencing Guidelines for its argument.

Twelve years ago, the Supreme Court decided that the "Guidelines [are] effectively advisory. It requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* § 3553(a)." United States v. Booker, 543 U.S. 220, 245 (2005). The Supreme Court's "post-*Booker* decisions have repeatedly emphasized the completely advisory nature of the Guidelines." Dillon v. United States, 560 U.S. 817, 839 (2010) (Stevens J. dissenting) (citing Cunningham v. California, 549 U.S. 270 (2007); Rita v. United States, 551 U.S. 338, 351 (2007); Gall v. United States, 552 U.S. 38, 46 (2007); Kimbrough v. United States, 552 U.S. 85, 101 (2007); Spears v. United States, 555 U.S. 261, 266 (2009) (*per curiam*)). Permitting the district court to exercise its discretion during the sentencing of a defendant under § 3582(c)(2) continues "the benefit of achieving more tailored, proportionate sentences for those individuals currently serving terms of imprisonment that exceed what is 'necessary' to meet the goals of our sentencing system, § 3553(a)." Dillon, 560 U.S. at 848. The majority opinion in Dillon was an aberration of this country's jurisprudence on the Sentencing Guidelines. Congress has not passed any legislation since Booker to revert the advisory nature of the Guidelines. Therefore, the Court rejects the government's position, considers the § 3553 factors and enters an appropriate sentence for Defendant.

Defendant is now seventy-two years old. He has been in prison for nearly twenty-seven years. Defendant has been incarcerated so long that our nation has had five different presidents, and three of those presidents served two terms. Defendant asserts that recent letters indicate that his family continues to pledge their support for him. More than twenty-five years ago, Defendant's last few words to the Court, as he was being escorted away, were (paraphrasing): "take it easy on my wife; she's a really good person."[2] Defendant's health is now deteriorating, and is he is currently housed at a medical prison in Lexington, Kentucky recovering from shoulder reconstruction surgery. "It has been estimated that an elderly prisoner costs the prison system between $60,000 and $70,000 a year." United States v. Craig, 703 F.3d 1001, 1003 (7th Cir. 2012) (Posner J. concurring). Defendant's characteristics fit this economic estimate, and his prolonged incarceration is a significant burden on the national economy and the Bureau of Prisons.

The nature of Defendant's convictions is serious, but his offense occurred in the 1980's. The criminal enterprise of armed drug dealing, the crime Defendant was convicted, "is a young man's career, which a man would be unlikely to resume in his fifties, let alone his late sixties or early seventies." United States v. Poke, 793 F.3d 759, 760 (7th Cir. 2015) (citing studies to support this age-dependent conclusion). When Defendant is released, he will have the support of a loving wife and children to which he can return. It is improbable that at his advanced age Defendant will regress to a life of crime and violence.

---

[2] Defendant's wife was a co-defendant in the case.

During his nearly three decades in prison he has been administratively disciplined six times.³ The disciplinary incidents must not be serious because the government does not state why Defendant was disciplined. Six disciplinary incidents over twenty-seven years does not strike the Court as a significant amount. The Court does not find that Defendant's blemishes in his record as a prisoner should be the controlling factor in this decision.

Applying the factors enumerated in § 3553(a), the Court finds that reducing Defendant's sentence to 317 months for Counts One, Four, Six and Thirty is appropriate. Accordingly, Defendant's motion for relief is granted in part and denied in part.

IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 7, 2017

---

³ Defendant asserts that none of his disciplinary issues were "significant." The government declines to elaborate on the circumstances surrounding the six disciplinary incidents, and does not even state what Defendant did to deserve the sanctions or what punishment was imposed.

3